## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Jestine Delores Washington, | ) | Civil Action No. 2:19-0962-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Business' from A-Z; U.S. District Court; | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 11) recommending the Court dismiss Plaintiff's Complaint without prejudice and without service of process. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses Plaintiff's Complaint without prejudice.

## I.    Background

Plaintiff is a *pro se* litigant who alleges her claim as: "The time it took District Court to relief my claim as a case cost me time lost (see attachments) and Social Security with Education Department in jeopardy." (Dkt. No. 1 at 7.) For relief, Plaintiff pleads: "I ask the court to remedy my claim as a non-jury case and  . . . to hear the claim as a case based on testimony of the defendants. The punitive and exemplary damages are an undisclosed amount for reason caused to my family, community and business people." (*Id.*)

## II.    Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where there are no objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III.  **Discussion**

After careful review of the R & R and the Complaint, the Court finds that the Magistrate Judge correctly concluded that this case must be dismissed *sua sponte* for lack of subject matter jurisdiction.

The federal district court has limited jurisdiction over an action and there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999).  Rather, the plaintiff must allege the basis for jurisdiction in the pleadings, which the Court reviews in the light most favorable to the plaintiff. *See* Fed. R. Civ. P. 8(a)(1) (requiring that the complaint include "a short and plain statement of the grounds for the court's jurisdiction").  Subject matter jurisdiction is primarily on the basis of federal question pursuant to 28 U.S.C. § 1331 or complete diversity of citizenship pursuant to 28 U.S.C. § 1332.

Plaintiff's Complaint, reviewed in a light most favorable to Plaintiff and afforded an appropriately liberal construction for this *pro se* litigant, does not sufficiently allege a basis for this Court's jurisdiction over the purported cause of action.  Nor could Plaintiff amend the pleading to sufficiently allege jurisdiction because, as the Magistrate Judge noted, the pleading is primarily nonsensical conclusory statements and, therefore, any amendment would be futile.

## IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt.

No. 11) as the Order of the Court. Plaintiff's Complaint is **DISMISED WITHOUT PREJUDICE**

and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May
~~April~~ 2 , 2019
Charleston, South Carolina